IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00645-S (BT) |
| | § | |
| JARROD MARTIN, #23044578 | § | |
| | § | |
| Defendant.¹ | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jarrod Martin is a pretrial detainee awaiting trial on a murder charge in Dallas County, Texas. *See State of Texas v. Jarrod Nathan Martin*, F2377255 (Crim. Dist. Court 2, Dallas Cnty., Tex.); *see also* Details (dallascounty.org) (search for details of Martin's case using the case number F2377255; last visited April 1, 2024). He filed a notice of removal under 28 U.S.C. § 1455 in an attempt to move his criminal proceedings from state court to federal court. ECF No. 3. The District Court referred this case to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate, under 28 U.S.C. § 636(b) and a standing order of reference. As explained below, the Court lacks subject matter jurisdiction over this action, and

---

¹ Jarrod Martin captioned his notice of removal as "*Jarrod Martin v. 195th Judicial District Court No. 2*"; however, because he is attempting to remove state criminal proceedings, the Court uses the caption from those state court proceedings: *State of Texas v. Jarrod Martin*.

thus it should remand the case to the Dallas County, Texas court from which it was removed.

## Legal Standards and Analysis

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. Title 28 U.S.C. § 1455 provides for the removal of state criminal prosecutions.

"'When a defendant removes a criminal prosecution from state court, it is incumbent upon the United States District Court 'in which such notice is filed [to] examine the notice promptly.'" *Sterling v. Texas*, 2023 WL 5613931, at *1 (N.D. Tex. July 13, 2023), *rec. accepted* 2023 WL 5620740 (N.D. Tex. Aug. 30, 2023) (citation omitted). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

2

Here, Martin relies on 28 U.S.C. § 1455 as the basis for removing his criminal case. ECF No. 3 at 1. But Section 1455 does not "provide criminal defendants with a separate right to remove their cases from state court. Rather, as the provision's heading and plain language indicate, § 1455 merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision, such as 28 U.S.C. § 1443." *Kruebee v. Beevers*, 692 F. App'x 173, 176 (5th Cir. 2017); *see also SolamunBey v. City of Mesquite*, 2017 WL 3173019, at *1 (N.D. Tex. July 4, 2017), *rec. accepted* 2017 WL 3149368 (N.D. Tex. July 25, 2017) (collecting cases); *Mnuk v. Texas*, 2015 WL 1003863, at *2 (W.D. Tex. Mar. 5, 2015), *rec. accepted* 2015 WL 4395376 (W.D. Tex. July 16, 2015) ("Only a very small class of criminal cases are removable to federal court. 28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442(a) (prosecutions of members of armed forces); 28 U.S.C. § 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes).").

The only criminal cases that are removable to federal court are those brought in state court against "(1) officers, agencies, or agents of the United States (§ 1442), (2) members of the armed forces (§ 1442(a)), or (3) defendants when a state court refuses (or is unable) to enforce their federal (race-based) civil rights (§ 1443)." *See State v. Renteria*, 2023 WL 7894004, at *4 (W.D. Tex. Oct. 31, 2023), *aff'd*, 2023 WL 7649071 (5th Cir. Nov. 14, 2023).

Martin does not allege that he is a federal law enforcement officer or agent or a member of the armed forces. Thus, Sections 1442 and 1442(a) are inapplicable. *See* 28 U.S.C. §§ 1442, 1442(a).

Section 1443 allows a defendant to seek removal of any civil action or criminal prosecution brought in a state court that is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Martin has not alleged that he is a federal officer or agent. Thus, any right to removal he may have must fall under Section 1443(1). *See, e.g.*, *Texas v. Jackson*, 2022 WL 2712584, at *3 (E.D. Tex. Feb. 2, 2022), *rec. accepted* 2022 WL 2712048 (E.D. Tex. Mar. 2, 2022).

The Fifth Circuit has established a two-prong test to determine whether removal is proper under Section 1443(1):

> [T]he defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

*Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

"Although not made explicit in the terms of § 1443(1), the Supreme Court clearly requires that a removal petitioner assert an allegation of a federal law violation *pertaining to racial equality.*" *Tex. Dep't of Prot. & Regul. Servs. v. Mitchell-Davis*, 2007 WL 4334016, at *1 (N.D. Tex. Dec. 11, 2007) (citing *Georgia v. Rachel*, 384 U.S. 780, 791 (1966)). "In *Johnson* [], the Court reaffirmed this limitation, stating that '[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under *statutes not protecting against racial discrimination, will not suffice.*'" *Id.* (citing *Johnson*, 421 U.S. at 219) (emphasis in original). "Accordingly, the first prong of the controlling test requires that the denied right arise under a federal law 'providing for specific rights stated *in terms of racial* equality.'" *Id.* (quoting *Gulf Water Benefaction Co.*, 679 F.2d at 86) (emphasis in original).

Here, Martin claims that provisions of Texas Code of Criminal Procedure article 39.14—dealing with discovery in criminal cases—"command" state courts to "ignore" the Fourteenth Amendment constitutional rights of due process and equal protection of the laws by prohibiting the defendant's access to "material evidence" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 3 at 2-3. He also claims that the judge held pretrial proceedings outside of his presence in violation of Texas Code of Criminal Procedure article 28.01(5). ECF No. 3 at 1-2.

But the federal rights that Martin claims were denied to him by operation of Texas Code of Criminal Procedure article 39.14—namely, the Fourteenth Amendment due process protection against the suppression of favorable, material evidence and the broad right to equal protection under the laws—arise under a generally applicable constitutional provision which does not provide for "specific civil rights stated in terms of racial equality." *See*, *e.g.*, *Rachel*, 384 U.S. at 792. And, for that reason, courts have refused to find that Section 1443 claims predicated on the due process and equal protection components of the Fourteenth Amendment support removal. *See*, *e.g.*, *City of Houston v. Club Fetish*, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 13, 2013) ("Sections 1983 and 1988 and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution do not provide for specific civil rights stated in terms of racial equality."); *Sanders v. Wright*, 2017 WL 3599536, at *7 (E.D. Tex. Aug. 22, 2017) ("'[B]road assertions under the Equal Protection Clause . . . are insufficient to support a valid claim of removal because racial equality rights do not include rights of general application.'") (quoting *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)); *City of Red Oak v. Searcy*, 2015 WL 6669602, at *2 (N.D. Tex. Oct. 5, 2015) ("Indeed, Defendant's pleadings only assert general violations of the right to privacy, to due process of law, to be free from unreasonable searches and seizures, and to a speedy trial and reasonable bail. Conclusory allegations of civil rights violations are clearly insufficient to remove an on-going state criminal prosecution to federal court."), *rec. accepted* 2015 WL 6597117 (N.D. Tex. Oct. 29, 2015)

(citation omitted); *see also King v. Ziegler*, 138 F. App'x. 60, 62 (10th Cir. 2005) ("[a] state court defendant's claim that prosecution and conviction will violate rights under constitutional and statutory provisions of general applicability or under statutes not protecting against racial discrimination is insufficient for removal under § 1443").

To the extent Martin claims that some violation of state law allows him to remove his criminal case, the Court has not located any authority allowing the denial of a state right to support removal under Section 1443(1)—indeed, such a removal seems beyond the textual reach of the statute, which references the denial of a "right under any law providing for the equal civil rights *of citizens of the United States, or of all persons within the jurisdiction thereof.*" 28 U.S.C. § 1443(1) (emphasis added). Further, Martin only vaguely references generally applicable sources of law, such as Texas Code of Criminal Procedure article 28.01(5), which concerns the criminal defendant's right to be present at the arraignment and pre-trial hearings and when such pre-trial hearings are necessary. *See* TEX. CODE OF CRIM. PRO. art. 28.01. He has not pointed to any right under state law "providing for specific civil rights stated in terms of racial equality," so, even if the violation of state law could support removal, he fails to establish removal is appropriate because of alleged violations of state rights.

Because Martin fails to show that a state law is operating to deprive him of a right arising under a federal law providing for "specific civil rights stated in terms

7

of racial equality" he cannot remove his criminal case under Section 1443(1), the only potentially applicable removal statute. *See*, *e.g.*, *Rachel,* 384 U.S. at 792.

## Recommendation

The Court should sua sponte remand this action to the Dallas County, Texas court from which it was removed.

SO RECOMMENDED April 3, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).